**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRANDY K.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:20-cv-694

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER[2]**

Through counsel, Plaintiff Brandy K. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. §405(g). In her appeal, Plaintiff seeks reversal based upon the failure of the Administrative Law Judge to properly interpret a procedural regulation regarding the submission of evidence. Although the ALJ misinterpreted the language of the regulation, the Court finds the error to be harmless on the record presented. Because Plaintiff presents no other challenges to the nondisability determination, the Commissioner's decision is AFFIRMED.

**I. Summary of Administrative Record**

On April 28, 2017, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging she became disabled on November 16, 2013. (Tr. 128). After her claim

---

[1]The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.
[2]The parties have consented to disposition by the undersigned magistrate judge. *See* 28 U.S.C. § 636(c).

1

was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an Administrative Law Judge ("ALJ").  At a hearing held before ALJ Peter Boylan on May 2, 2019, Plaintiff appeared pro se and sought a continuance in order to obtain representation.  (Tr. 97-112).  A second hearing, at which Plaintiff was represented by counsel, was scheduled and held on September 19, 2019.  (Tr. 54-96).

On September 9, 2019, a date that fell 8 business days prior to the scheduled hearing, Plaintiff sent a letter to the ALJ that stated in relevant part:

> The purpose of this letter is to inform you about evidence in accordance with 20 C.F.R. § 404.935 and 20 C.F.R. § 416.1435.  Please be informed of the following probative evidence not currently submitted to the Claimant[']s electronic file:
>
> - Good Samaritan Hospital
> - Queen City Physicians
> - UC Gardner Neuroscience Institute.

(Tr. 326).  The letter indicates that Plaintiff's counsel "has pending request(s)" to the referenced entities "and will submit the records upon receipt." (*Id.*)  The letter further states that "if your interpretation allows for the closing of the record five days prior to the scheduled hearing, even after being informed of the above outstanding evidence, then we respectfully request that you subpoena these records." (*Id.*)

During the hearing, Plaintiff's counsel and the ALJ engaged in the following colloquy:

> Attny:  …Lastly, as a procedural matter, Your Honor, we did submit a, a five-day letter to the record on September 9th, identifying some outstanding providers, and I would respectfully ask for additional time in obtaining those to complete the record.  To give you an idea of what they are, Good Samaritan is where she's had some orthopedic treatment with Doctor Andrew Islam for her EDS, her shoulder issues.  Queen City physicians would just complete the primary, and then UC Gardner Neuroscience is where she treats for headaches.  So we would respectfully ask for time, as we do think their [sic] probative towards the overall picture over health, here.

2

> ALJ: Thank you, let me address these issues. <u>As you know, the record is closed by regulation five days beforehand. If any information comes in after that time, then at that time I have the issue to decide of whether the proposed submissions meet[] an exception to the rule</u>. So, if something comes in at that time I will rule on it. Other than that, the record is closed by regulation…..

(Tr. 90, emphasis added).

Plaintiff subsequently testified that she had "two or three MRIs," suggesting that one or more image studies were not yet in the record. At that point, counsel reiterated, "That would be another reason I'd feel those records are probative." (Tr. 93). After confirming that at least some of the images might have been taken at either Good Samaritan or UC, Plaintiff's counsel asked the ALJ to leave the record open.

> ATTY: And, Your Honor, I'd just say that again, I, I believe that to be additional reason for good cause for time to get these records like we, we perhaps don't see eye-to-eye on the, the five-day letter rule and everything. And, you know, my understanding is that five business days in advance, that you've done your duty in informing and everything. The way I read the CFR, and - -
>
> ALJ: -- Sure, well, we, we'll leave that where it is.
>
> Atty: -- the statute, but –
>
> ALJ: -- Thank you, sir. Stop. I will review the evidence of record. I'll make a decision in this case, I'll issue –
>
> Clmt: -- Thank you.
>
> ALJ – written decision. One copy goes to the claimant at the address we have for her, one copy goes to the representative. <u>There being nothing further, the record's closed, the case hearing is complete</u>. Thank you very much, ma'am.

(Tr. 93-94, emphasis added). No further records were received or considered prior to the issuance of the ALJ's adverse written decision, which was issued 7 days after the hearing. (Tr. 16-28). The Appeals Council declined further review, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff then filed this judicial appeal.

3

Plaintiff was 40 years old, in the "younger individual" age category, on her date last insured.[3] (Tr. 26). She has a high school education, and previously worked as an emergency medical transport, dispatcher, and collection clerk. The ALJ determined that Plaintiff has severe impairments of "degenerative disc disease, obesity, depression, [and] anxiety." (Tr. 18). The ALJ also found non-severe impairments of tinnitus, headaches, and diabetes mellitus. (*Id.*) The ALJ determined that none of Plaintiff's impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appx. 1, such that Plaintiff would be entitled to a presumption of disability.

Based upon his consideration of the record, the ALJ found that Plaintiff retained the residual functional capacity to perform a range of sedentary work, with the following additional limitations:

> [S]he can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. She can occasionally stoop, crouch and crawl. She can frequently balance. She can have frequent exposure to uneven or slippery surfaces. She must avoid all exposure to hazards, such as unprotected heights and dangerous machinery. She is limited to simple, routine tasks and is not able to perform at a production rate pace. She is limited to tolerating occasional changes in a routine work setting.

(Tr. 20). Consistent with the testimony of the vocational expert, the ALJ determined that Plaintiff could perform a significant number of jobs in the national economy, including the representative occupations of document preparer, receptionist/information clerk, and addresser. Therefore, the ALJ determined that Plaintiff was not disabled through her date last insured. (Tr. 27).

Plaintiff argues that the ALJ erred on a procedural level by failing to keep the record open to consider one or more medical records that had been requested but not submitted

---

[3] Plaintiff was insured, for purposes of DIB, only through March 31, 2019.

4

prior to the hearing. The Court agrees that the ALJ committed legal error in his interpretation of the plain language of the agency's own regulation. Because the error is harmless, however, remand is not required.

## II. Analysis

### A. The ALJ's Misinterpretation of 20 C.F.R. § 404.935

The Social Security Administration revised numerous regulations that took effect in 2017. Among those revisions was clarification of the deadline for submitting relevant evidence prior to an evidentiary hearing held before the ALJ. The parties agree that the revised regulation applies to this case. For DIB claims,[4] the rule is embodied in 20 C.F.R. § 404.935(a) and states as follows:

> (a) When you submit your request for hearing, you should also submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence **and must inform us about or submit any written evidence**, as required in § 404.1512, **no later than 5 business days before the date of the scheduled hearing**. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

*Id.* (emphasis added). Subsection (b) of the regulation offers specific and limited exceptions that permit the ALJ to consider evidence for which a claimant has "missed the deadline described in paragraph (a)." *See* 20 C.F.R. § 404.925(b). However, subparagraph (b) does not come into play as long as the claimant either "submits" or alternatively "informs" the ALJ about relevant written evidence no fewer than 5 business days prior to the hearing. *See Ensuring Program Uniformity*, 81 Fed. Reg. at 90,990 ("If a claimant informs an ALJ about evidence 5 or more days before the hearing, there would

---

[4]An identical regulation is set forth in 20 C.F.R. § 416.1435 for SSI claims.

5

be no need for the ALJ to find that an exception applies, because the claimant notified us prior to the deadline.")

In conjunction with the revised regulation, the Social Security Administration issued Social Security Ruling ("SSR") 17-4p, which reiterates the "5-Day Requirement" and explains: "We adopted this 5-day requirement in December 2016 and implemented it in May 2017, to address unprecedented workload challenges." SSR 17-4p, 2017 WL 4736894, at *2 (S.S.A. Oct. 4, 2017). The Social Security Administration also added the rule to its Hearings, Appeals, and Litigation Law ("HALLEX") manual.[5] *See* HALLEX I-2-6-58 (S.S.A.), 1993 WL 643036 (May 1, 2017); HALLEX I-2-5-13 (S.S.A.), 2015 WL 1735348 (May 1, 2017); *see also generally*, *Hight v. Commissioner of Social Security*, 2019 WL 4866746, at **7-9 (E.D.Mich. June 25, 2019) (discussing context of revised 5-day requirement).

Plaintiff argues that even though she did not submit all of the relevant records, she complied with 20 C.F.R. § 404.935(a) because counsel's letter timely "informed" the ALJ of the "probative" medical records. Based upon the colloquy set forth above, however, it is clear that the ALJ believed (erroneously) that § 404.935(a) required the record to be "closed by regulation" five days prior to the hearing even if a claimant "informs" the ALJ about outstanding evidence prior to the deadline. In other words, the ALJ's comments imply that the regulation does not <u>permit</u> consideration of additional records received less than five days prior to a hearing unless a claimant demonstrates some form of "good cause" or unavoidable delay that has caused the late submission of records under one of

---

[5]HALLEX is a procedural manual which sets forth the safeguards and procedures for the Administrative Law Judge hearings. *Robinson v. Barnhart*, 124 Fed. Appx. 405, 410 (6th Cir. 2005).

the exceptions enumerated in 20 C.F.R. § 404.935(b).[6]  Plaintiff argues that the ALJ's legal misinterpretation of the 5-day requirement requires remand.  After all, there is no dispute that Plaintiff made *some* attempt to comply with the 5-day rule by sending a letter that identified three entities from which records had been requested but not yet received.  Plaintiff relies on the express language of 20 C.F.R. § 404.935(a) that states that a claimant need only "inform" an ALJ prior to the deadline, and relies heavily on the fact that the letter was timely sent.[7]

Plaintiff argues that the ALJ's legal misconstruction of § 404.935(a) requires remand because "[a]n ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'"  *Cole v. Com'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011) (additional citations omitted).  Plaintiff suggests that because the letter was timely, the ALJ was required to keep the record open so that the identified records could be received and considered.   In support of this argument, Plaintiff relies heavily upon *Easton v. Saul*, 2019 WL 4697021, at *10-11 (N.D. Ohio Sept. 9, 2019), R&R adopted at 2019 WL 4694226 (N.D. Ohio Sept. 25, 2019).

In *Easton*, the plaintiff submitted a timely letter "informing" the ALJ of outstanding records that had been requested but not yet received from her treating physician.

---

[6] Defendant argues briefly that in "context," the ALJ did not "refuse to consider additional evidence if Plaintiff was able to produce it," because the ALJ stated that if Plaintiff produced the evidence prior to his decision, the ALJ would then consider if there was good cause for its late submission. (Doc. 15 at 6-7).  However, reading the transcript, it is clear that the ALJ misinterpreted the regulation.  If a claimant properly "notifies" an ALJ about written evidence within the time frame set forth under § 404.935(a), then the ALJ is *required* to consider the evidence and the exceptions set forth in § 404.935(b) never come into play.  In other words, the "good cause" standard of subsection (b) applies only to late submitted evidence and does not apply to evidence about which the ALJ has been "informed" within the 5-day rule of subsection (a).
[7] Although Plaintiff does not identify whether the letter was sent electronically or by postal mail service, the Commissioner does not dispute that the letter was received at least five business days prior to the hearing. (Doc. 15 at 5).

7

However, the records were received and submitted only one day prior to the hearing. Rather than acknowledging that the plaintiff had timely "informed" him of the records under § 404.935(a), the ALJ instead denied admission of the records on grounds that the plaintiff failed to demonstrate that the records were admissible under one of the exceptions specified by § 404.935(b). The district court remanded after noting that the records contained highly relevant evidence that supported the plaintiff's claims and that the ALJ's misinterpretation of the regulation was not harmless because "even the Commissioner could not "definitively say these records would *not* change the RFC finding or the ALJ's disability determination." *Id.* at *12. The court also cited to the agency's procedural manual, HALLEX, which seems to <u>mandate</u> holding open the record if a claimant has timely "informed" the ALJ prior to the specified 5-day deadline. *See Easton* at *11, citing HALLEX 1-2-5-13) ("If a claimant or appointed representative informs SSA about evidence no later than five business days before the scheduled hearing date… the ALJ will accept and consider the evidence when it is received."); *see also* HALLEX 1-2-6-58 ("If a claimant or appointed representative informs an ALJ about evidence at least five business days before the date of the scheduled hearing, but does not submit the evidence at least five business days before the date of the scheduled hearing, the ALJ will… consider the evidence *regardless of whether the circumstances in 20 CFR 404.935(b) and 416.1435(b) apply*.") (emphasis in original).

      Sidestepping the ALJ's interpretation of the regulation, Defendant first argues that "it was not reversible legal error for the ALJ to rule on the ample evidence… rather than hold the record open indefinitely." (Doc. 15 at 5). As discussed below, this Court need not reach the separate issue of whether the regulation requires an ALJ to hold the record open "indefinitely." To begin with, the Court focuses solely on the ALJ's erroneous

8

interpretation of 20 C.F.R. § 404.935(a) as mandating the closure of the record five business days prior to the hearing without regard to whether a claimant has "informed" the ALJ of outstanding evidence. Contrary to that misinterpretation, the regulatory language presumes that some evidence submitted beyond the 5-day deadline will be considered if a claimant has timely "inform[ed]" the ALJ of the outstanding evidence not received before the deadline,[8] despite employing "every effort" to submit in a timely manner. *See* 20 C.F.R. § 404.935(a).

### B. Harmless Error Analysis

Nevertheless, the ALJ's legal error does not require reversal because the error was harmless on the record presented. In general, courts will not remand for procedural errors where a plaintiff has suffered no prejudice.

> Generally… we review decisions of administrative agencies for harmless error. *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 535 (6th Cir.2001); *NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969) (noting that courts are not required to "convert judicial review of agency action into a ping-pong game" where "remand would be an idle and useless formality"). Accordingly, if an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. United States Civil Serv. Comm'n,* 721 F.2d 1054, 1056 (6th Cir.1983); *see also Am. Farm Lines v. Black Ball Freight Serv.,* 397 U.S. 532, 539, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970) (holding that agency's failure to follow its own regulations did not require reversal absent a showing of substantial prejudice by the affected party).

*Rabbers v. Com'r.*, 582 F.3d 647, 654-55 (6th Cir. 2009).

An ALJ's violation of the agency's procedural rules requires reversal only if the Plaintiff shows either that she "has been prejudiced on the merits or deprived of

---

[8] Again, the facts of this case do not require the Court to determine the length of time that an ALJ is required to hold the record open for receipt of outstanding evidence.

9

substantial rights because of the agency's procedural lapses." *Wilson v. Com'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (additional citation and emphasis omitted); *see also Bowen v. Com'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (holding that reversal is required if the ALJ failed to follow the Commissioner's "own regulations and …that error prejudices a claimant on the merits or deprives of a substantial right." ). Relatively few social security regulations, limited to those "intended primarily to confer important benefits upon individuals" have been deemed to confer "substantial rights" upon claimants. *See, e.g., Wilson*, 378 F.3d at 547 (discussing the requirement that an ALJ provide "good reasons" for failing to give controlling weight to the opinion of a treating physician). Considering the expressly articulated purpose of 20 C.F.R. § 404.935,[9] the Court concludes that the "five day requirement" is not "primarily" intended to confer substantial rights upon claimants but instead is designed "for the orderly transaction of business." *Id.* Accordingly, any procedural violation of § 494.935, including the ALJ's misinterpretation of the rule in this case, does not provide grounds for reversal absent "a showing of substantial prejudice to the complaining party." *Id.*, quoting *Am. Farm Lines v. Black Ball Freight Service,* 397 U.S. 532, 539 (1970).

Here, Plaintiff makes no showing of <u>any</u> prejudice, much less "substantial prejudice." This "gotcha" approach for procedural errors will not do. In contrast to Plaintiff's position, the Commissioner persuasively argues that the ALJ's error was in fact harmless. Returning to the applicable regulation, the Commissioner begins by pointing out that Plaintiff's letter was legally insufficient to properly "inform" the ALJ about relevant

---

[9] The 5-day rule was created in an effort to promote "the efficiency of [Social Security's] hearing process and allow[ ] it to work more effectively by ensuring that ALJs have a more complete evidentiary record when they hold hearings." *See Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process*, 81 Fed Reg. 90987-01 (Dec. 16, 2016).

10

evidence under §404.935(a). While the letter was timely, it provided no pertinent information other than the names of three entities or institutions from which additional records had been requested. The letter did not identify *when* the records had been requested, or (more importantly) *what* precise records had been requested, from whom (whether from treating or examining physicians or other medical or non-medical sources), or *how* the records related to Plaintiff's claim. Indeed, it is not entirely clear that any relevant records would have been produced in response to whatever request was made.[10] Even after the expiration of the five-day deadline, during the colloquy at the hearing, counsel offered little information other than to state that additional records had been sought regarding treatment by providers that had already produced some records.[11]

The text of the regulation insists that a claimant "<u>must make every effort</u> to ensure that the administrative law judge <u>receives</u> all of the evidence….," not merely be "informed" of it. *See* 20 C.F.R. § 404.935(a) (emphasis added). SSR 17-4p explains that making "every effort" to ensure timely *receipt* of the evidence means that "[r]epresentatives should not wait until 5 business days before the hearing to submit *or inform us* about written evidence unless they have *compelling reasons for the delay* (e.g., it was impractical to submit the evidence earlier because it was difficult to obtain or the representative was not aware of the evidence at an earlier date)." *Id.* at *4 (emphasis added). Here, Plaintiff offered no reason at all as to why the outstanding records had not been requested on

---

[10]Notably, Plaintiff's insured status expired March 31, 2019 - nearly six months prior to the September 19, 2019 hearing. Records that post-date the date last insured are typically of limited relevance.
[11]At the hearing, counsel identified only one treating physician by name.

11

some earlier date such that they could be timely submitted into the record, much less "compelling reasons" for the delay.[12]

In addition, while the 5-day rule does permit the alternative method of "inform[ing]" an ALJ about evidence prior to the deadline when a claimant's "every effort" has not resulted in timely receipt, a letter merely stating that unidentified records have been requested does not satisfy the legal obligation to "inform" the ALJ. Otherwise, advocates seeking to protect their clients' interests might be tempted to send a rote "5 day letter" that "informs" of nothing at all, in an attempt to keep the record open as long as possible. SSR 17-4p again offers more specific guidance:

> To satisfy the claimant's obligation under the regulations to "inform" us about written evidence, he or she must provide information specific enough to identify the evidence (source, location, and dates of treatment) and show that the evidence relates to the individual's medical condition, work activity, job history, medical treatment, or other issues relevant to whether or not the individual is disabled or blind. If the individual does not provide us with information specific enough to allow us to identify the written evidence and understand how it relates to whether or not the individual is disabled or blind, the individual has not informed us about evidence within the meaning of 20 CFR 404.935, 404.1512, 416.912 or 416.1435, and we will not request that evidence.

*Id.*, 2017 WL 4736894, at *3. Using nearly identical language, HALLEX 1-2-5-13(B) states that if a claimant "does not provide SSA with information specific enough to allow an ALJ … to identify the written evidence and understand how it relates to whether or not

---

[12]Notably, SSR 17-4p warns that advocates may be referred for sanctions if they cause an unreasonable delay in the receipt of relevant evidence. "Simply informing us of the existence of evidence without providing it or waiting until 5 days before a hearing to inform us about or provide evidence when it was otherwise available, may cause unreasonable delay to the processing of the claim, without good cause, and may be prejudicial to the fair and orderly conduct of our administrative proceedings. As such, this behavior could be found to violate our rules of conduct and could lead to sanction proceedings against the representative." *Id.*, 2017 WL 4736894, at *4; *see also id*. at *5 (identifying situations that "may" result in a referral for sanctions including but not limited to counsel waiting until shortly before the hearing "to provide or inform us of evidence when the evidence was known to the representative or available to provide to us at an earlier date.").

12

he or she is disabled or blind, *he or she has not informed SSA about evidence*, and an ALJ…will generally not" take further steps to develop the claim. *Id.* (emphasis added).

Here, Plaintiff's 5-day letter was extremely vague, listing nothing more than three entities to which records requests had been submitted for *unidentified records* on *unidentified dates*. Thus, even if the ALJ had correctly interpreted the revised regulation, Plaintiff's letter was deficient as a matter of law because it did not properly "inform" the ALJ as required. Because Plaintiff did not comply with her legal obligation to "inform" the ALJ under § 404.935(a), the ALJ had no corresponding obligation to hold the record open or to try to obtain the records himself. *Accord Hight v. Commissioner of Social Security*, 2019 WL 4866746 at *11 (holding that a similarly vague letter was not sufficient to "inform" an ALJ of relevant evidence under the express language of the revised regulation even if SSR 17-4p were not considered).

Plaintiff concedes that the Defendant's point "very well might carry the day for the Commissioner, had the ALJ believed it, too." (Doc. 17 at 4). However, Plaintiff asserts that this Court should reject the Commissioner's argument because the ALJ did not reject the 5-day letter on the ground now proposed. It is true that in general, this Court may not uphold an ALJ's decision on reasoning that was not used by the ALJ. *See Williams v. Com'r of Soc. Sec.*, 227 Fed. Appx. 463, 464, 2007 WL 930427 (6th Cir. March 28, 2007) (observing that "a reviewing court, in assessing the decision of an administrative agency, must judge its propriety solely by the grounds invoked by the agency") (citing *S.E.C. v. Chenery,* 332 U.S. 194, 196 (1947)). However, in the context of a harmless error analysis, a court must consider how an issue would have been decided had the ALJ not made the identified error. Therefore, the Commissioner's argument that that the 5-day letter was facially deficient to "inform" the ALJ in the manner required by § 404.935(a) is

13

persuasive.[13]  *See Williams*, 227 Fed. Appx. at 464 (affirming despite ALJ's mistaken citation to wrong legal standard, because the rule against post hoc rationalizations "does not mechanically compel reversal when a mistake was made that clearly had no bearing on the procedure used or the substance of the decision reached.").

Plaintiff fails to demonstrate that she suffered any prejudice. The Court notes that Plaintiff was insured only through March 31, 2019, meaning that in order to be relevant, the records must have pertained to Plaintiff's medical condition prior to that date.  The hearing was not held until September 19, 2019.  Comments by the Appeals Council, to whom Plaintiff presented the same argument, suggest that the requested records may have been irrelevant and/or post-dated the insured period.[14]   Rather than explaining how the unidentified records would have outweighed the substantial (and unchallenged) body of evidence that supports the nondisability determination,[15] Plaintiff asks this Court to simply imagine that the allegedly "missing" evidence might have had some impact.  In the absence of any information about the "missing" records (or even confirmation that <u>relevant</u> records existed), Plaintiff cannot show that the ALJ's error prejudiced her substantial rights.

The burden of proving disability remains with the plaintiff at all times.  As the Commissioner points out, the record that was actually considered by the ALJ contained several hundred pages of evidence from the Queen City medical group.  (*See* Tr. 400-

---

[13]The ALJ's statement that Plaintiff "submitted or informed the [ALJ] about all written evidence," (Tr. 16), is construed to exclude the unidentified records referenced in counsel's "five day letter," since Plaintiff did not "inform" the ALJ of anything about those records.

[14]The Appeals Council acknowledged that Plaintiff supplied some additional evidence, but that the evidence submitted "does not relate to the period at issue" which ended on March 31, 2019.  (Tr. at 2).

[15]Evidence that a plaintiff does not either produce or "inform" an ALJ about by the deadline stated in § 404.935(a) "may" still be considered if a claimant meets an exception in § 404.935(b).  However, Plaintiff does not claim that she could have met any of the "good cause" exceptions in this case.

601, 784-955). The record similarly contained dozens of pages from the UC Health Services, including neurological treatment notes for headaches that were considered when the ALJ determined that Plaintiff's headaches were a nonsevere impairment. (Tr. 956-90, 994-1010). Speculation that the receipt of additional records might have altered the result is too flimsy a read to support remand on a record that already contained more than 900 pages of medical evidence that substantially supports the ALJ's decision. *See generally, Lemire v. Colvin*, No. 15-331L, 2016 WL 3166836, at *10 (D.R.I. May 4, 2016), adopted at 2016 WL 3167077 (D.R.I. June 6, 2016) (ALJ's refusal to consider late evidence was harmless error even if the ALJ violated the "Five-day Rule," because a remand to consider the two excluded reports would be a meaningless exercise.); *Bass v. McMahon*, 499 F.3d 506, 514 (6th Cir. 2007). !

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT** the Commissioner's non-disability determination in this case be **AFFIRMED**.

 s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

15